IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN DOUGHERTY and KEITH DOUGHERTY, | HONORABLE JEROME B. SIMANDLE |
| Plaintiffs, | |
| v. | Civil Action No. 15-8541 (JBS/AMD) |
| TRACEY ADAMS-DOUGHERTY, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE, Chief Judge:**

This is a case filed by pro se Plaintiffs Kevin Dougherty and Keith Dougherty arising from state court divorce and child custody proceedings in the Superior Court of New Jersey, Family Division to which Kevin Dougherty was a party. Presently before the Court are several motions. The Defendants have all moved to dismiss the Complaint [Docket Items 51, 55, 57 & 66]. In addition, Plaintiffs have moved for default judgment [Docket Item 50] and to strike certain briefs filed by Defendants [Docket Items 56, 58 & 68]. For the reasons that follow, the Court will grant the three motions to dismiss and will deny Plaintiffs' motion for default judgment. Plaintiffs' motions to strike will also be denied. The Court finds as follows:

**A. Background[1]**

1.    Plaintiffs' nearly incomprehensible and rambling
Complaint arises out of state court divorce and child custody
proceedings in the Superior Court of New Jersey, Family Division
to which Kevin Dougherty and Tracey Adams-Dougherty were
parties. Kevin Dougherty and Ms. Adams-Dougherty have four
children together and were married until sometime in 2015, when
it appears that divorce proceedings commenced. Kevin Dougherty
and Keith Dougherty are brothers. Kenneth and Dori Adams are Ms.
Adams-Dougherty's parents. Jack Duggan's PHL, Inc., also known
as Jack Dugan's Pub, is a business owned by Mr. Adams, Ms.
Adams-Dougherty, and others.

---

[1] The facts alleged are drawn from Plaintiffs' Complaint [Docket
Item 1], exhibits attached to the Complaint, or undisputedly
authentic documents upon which Plaintiffs explicitly rely in
their Complaint. See City of Pittsburgh v. West Penn Power Co.,
147 F.3d 256, 259 (3d Cir. 1998) ("When deciding a motion to
dismiss, it is the usual practice for a court to consider only
the allegations contained in the complaint, exhibits attached to
the complaint and matters of public record."). For purposes of
this motion, the Court must accept Plaintiffs' factual
allegations as true.
        The Court will not consider as part of the allegations in
the Complaint Plaintiffs' "unsworn declarations under penalty of
perjury" attached to the Complaint. This document does not
comply with L. Civ. R. 7.2(a), the Local Rule governing the use
of affidavits, declarations, certifications, and other similar
documents. The rule limits declarations to "statements of fact
within the personal knowledge of the signatory" and permits the
Court to disregard arguments of fact and law contained in such a
document. Plaintiffs' unintelligible, argumentative declaration
appears to contain little more than conclusory and speculative
assertions and it must therefore be disregarded.

2.    Plaintiffs appear to allege that Ms. Adams-Dougherty
and her parents have conspired with the Voorhees Municipal
Courts and police to harm Kevin Dougherty. Plaintiffs assert
that Mr. and Mrs. Adams have conspired to alienate Kevin
Dougherty from his children and from his brother, Keith; to keep
him from working outside his home; and to thwart the equitable
distribution of Kevin Dougherty and Ms. Adams-Dougherty's assets
in their divorce proceedings.

3.    It appears that on September 17, 2015, the Honorable
Michael Diamond, a Voorhees Township municipal judge, entered a
Temporary Restraining Order in favor of Ms. Adams-Dougherty and
against Kevin Dougherty, removing him from their marital home.
Plaintiffs allege that Officer Anthony Del Palazzo coached Ms.
Adams-Dougherty into making false accusations against Kevin
Dougherty at that hearing, and that Judge Diamond and Debra
Bradshaw, the Voorhees evidence coordinator, conspired to
violate his constitutional rights by withholding "discovery"
material and entering the TRO. Kevin Dougherty also alleges that
he appeared before the Honorable Mary Beth Kramer, J.S.C., on
September 22, 2015, for a TRO hearing at which she
unconstitutionally restricted his visitation rights with his
children without first holding a probable cause hearing.

4.    On October 7, 2015, Plaintiffs filed a Complaint in
the Eastern District of Pennsylvania against Tracey Adams-

3

Dougherty, Jack Duggan's PHL, Inc., Jack Dugan's Pub, Kenneth
Adams, Dori Adams, Judge Michael Diamond (in his official
capacity), Anthony Del Palazzo (in his personal and official
capacity), Debra Bradshaw (in her official capacity), Voorhees
Township (as a Monell person), and Judge Mary Beth Kramer.[2]
Plaintiffs alleged violations of 42 U.S.C. § 1983 for violations
of the First, Fourth, and Fourteenth Amendments of the United
States Constitution; a RICO conspiracy in violation of 18 U.S.C.
§ 1964(c); claims for "commercial disparagement damages (Under
PA Law)" and intentional infliction of emotional distress; and
sought preliminary injunctions to (1) vacate the restraining
orders entered by the state courts removing Kevin Dougherty from
his home and restricting his visitation rights with his
children, (2) access the financial records of Jack Duggan's PHL,
Inc. and Jack Dugan's Pub, and (3) enjoin Ms. Bradshaw "for the
immediate release of all discovery" pertaining to the hearing
which resulted in the temporary restraining order barring Kevin
Dougherty from his home.

        5.    After the Plaintiffs filed motions for default and the
Defendants filed motions to dismiss, the Honorable Eduardo C.
Robreno, United Stated District Judge of the Eastern District of

---

[2] To the extent that Plaintiffs misspelled certain Defendants'
names or identified an individual only by his or her title in
the Complaint, the Court will refer to Defendants by their names
and titles as indicated in their respective dismissal motions.

Pennsylvania ordered that this case should be transferred to the
District of New Jersey in "the interest of justice." [Docket
Item 40.] The parties then filed the several motions before this
Court, which the Court now decides on the papers without oral
argument pursuant to Fed. R. Civ. P. 78.

**B. Defendants' Motions to Dismiss**

6.    A party may move under Fed. R. Civ. P. 12(b)(1) to
dismiss a complaint for lack of jurisdiction. Because federal
courts are courts of limited jurisdiction, the party seeking to
invoke the court's jurisdiction bears the burden of proving the
existence of subject matter jurisdiction. See Kokkonen v.
Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Under Rule
12(b)(1), the court's jurisdiction may be challenged either
facially (based on the legal sufficiency of the claim) or
factually (based on the sufficiency of a jurisdictional fact).
Gould Elecs. v. U.S., 220 F.3d 169, 178 (3d Cir. 2000); see also
A.D. v. Haddon Heights Bd. of Educ., 90 F. Supp. 3d 326, 334
(D.N.J. 2015) (explaining the same distinction).  In considering
a factual attack, as here, the Court need not cabin its inquiry
to allegations in the complaint.  Rather, the Court may
"consider affidavits, depositions, and testimony to resolve
factual issues bearing on jurisdiction." Gotha v. U.S., 115
F.3d 176, 179 (3d Cir. 1997); see also Mortensen v. First Fed.
Sav. & Loan Ass'n, 549 F.2d 884, 891–92 (3d Cir. 1977).

7.    When considering a motion to dismiss a complaint for
failure to state a claim upon which relief can be granted under
Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded
allegations in the complaint as true and view them in the light
most favorable to the nonmoving party. A motion to dismiss may
be granted only if a court concludes that the plaintiff has
failed to set forth fair notice of what the claim is and the
grounds upon which it rests that make such a claim plausible on
its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555
(2007).

8.    Although the court must accept as true all well-
pleaded factual allegations, it may disregard any legal
conclusions in the complaint. Ashcroft v. Iqbal, 556 U.S. 662,
678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d
Cir. 2009). Threadbare recitals of the elements of a cause of
action, supported by mere conclusory statements, do not suffice.
Iqbal, 556 U.S. at 678. The complaint must contain enough well-
pleaded facts to show that the claim is facially plausible. This
requires a factual showing that "allows the court to draw the
reasonable inference that the defendant is liable for the
misconduct alleged." Id. "If the well-pleaded facts do not
permit the court to infer more than the mere possibility of
misconduct, the complaint has alleged – but it has not shown –

that the pleader is entitled to relief." Id. at 679 (internal
quotation marks and citation omitted).

1) **Motion to Dismiss by Defendants Judge Michael Diamond,
Anthony Del Palazzo, Debra Bradshaw, and Voorhees Township
[Docket Items 51 & 57]**

9.   Plaintiffs appear to bring claims against Defendants
Judge Michael Diamond, Anthony Del Palazzo, Debra Bradshaw, and
Voorhees Township (collectively, "the Voorhees Defendants") for
violations of § 1983 and RICO; common law claims for defamation,
intentional infliction of emotional distress, and malicious
prosecution; and for preliminary injunctions against Judge
Diamond to vacate his restraining order barring Kevin Dougherty
from his home and against Ms. Bradshaw to release files related
to the Voorhees municipal court proceedings. The Voorhees
Defendants move to dismiss the Complaint for lack of subject
matter jurisdiction, for failure to state a claim upon which
relief can be granted, and for insufficient service of process.
For the reasons that follow, the Court will grant the Voorhees
Defendants' motion and will dismiss all claims in the Complaint
against them.

10.  First, all claims brought by Plaintiff Keith Dougherty
must be dismissed because he lacks standing to assert any of the
claims alleged in the Complaint. "Article III of the United
States Constitution limits the jurisdiction of federal courts to
Cases and Controversies, U.S. Const. Art. III, § 2."

Constitution Party of Pa. v. Aichele, 757 F.3d 347, 357 (3d Cir.
2014) (internal quotations and citation omitted).  Measured
against this rubric, the concept of standing concerns "the
constitutional power of a federal court to resolve a dispute."
Graden v. Conexant Sys. Inc., 496 F.3d 291, 295 (3d Cir. 2007)
(citation omitted).  In order to establish Article III standing,
a plaintiff must demonstrate "'(1) an [actual, concrete, and
particularized] injury-in-fact, (2) a sufficient causal
connection between the injury and the conduct complained of, and
(3) a likelihood that the injury will be redressed by a
favorable decision.'"  Finkelman v. Nat'l Football League, ___
F.3d _____, No. 15-1435, 2016 WL 158507, at *4 (3d Cir. Jan. 14,
2016) (citations omitted); see also Neale v. Volvo Cars of N.
Am., LLC, 794 F.3d 353, 358-59 (3d Cir. 2015) (same).  In order
to survive a motion to dismiss for lack of standing, as here, a
plaintiff "'must alleged facts that affirmatively and plausibly
suggest that it has standing to sue.'"  Finkelman, ___ F.3d
_____, 2016 WL 158507, at *5 (citation omitted). All of
Plaintiffs' factual allegations pertain to actions taken by or
against Kevin Dougherty; Plaintiffs have failed to make even
token allegations concerning any actual, concrete, and
particularized injury suffered by Keith Dougherty on account of
the Voorhees Defendants' allegedly unconstitutional conduct.
Accordingly, the Complaint will be dismissed to the extent that

8

Keith Dougherty seeks to bring any claims against the Voorhees Defendants.[3]

11.   Next, all claims against Judge Diamond must be dismissed as he is immune from civil liability for actions taken in his judicial capacity. As a general rule, judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit under the doctrine of judicial immunity. See Mireles v. Waco, 502 U.S. 9, 11 (1991). This immunity cannot be overcome "by allegations of bad faith or malice," but only where a judge acts "in the complete absence of all jurisdiction." Id. The immunity afforded to judges, prosecutors, and witnesses is intended to give "functionaries in the judicial system the ability to perform their tasks and apply their discretion without the threat of retaliatory" litigation. Hughes v. Long, 242 F.3d 121, 125 (3d Cir. 2001). Because Plaintiffs' claims against Judge Diamond arise from his conduct as a municipal judge in entering a TRO against Kevin Dougherty, a matter well within his judicial authority, Judge Diamond is entitled to immunity for this

---

[3] Plaintiffs have not adequately alleged standing by Keith Dougherty to bring claims against any of the Defendants in this action. Accordingly, the Court will also dismiss claims by Keith Dougherty against the Adams Family Defendants (see ¶¶ 25-30, infra) and Judge Kramer (see ¶¶ 31-34, infra) as well.

conduct. Accordingly, all of Plaintiffs' claims against Judge
Diamond will be dismissed.

12. The Court will also dismiss Plaintiffs' requests for
injunctive relief against the Voorhees Defendants. First, to the
extent that they seek to vacate the TRO entered against Kevin
Dougherty by Judge Diamond, this request violates the Rooker-
Feldman doctrine. "[U]nder what has come to be known as the
Rooker-Feldman doctrine, lower federal courts are precluded from
exercising appellate jurisdiction over final state-court
judgments." Lance v. Dennis, 546 U.S. 459, 463 (2006); see also
Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d
159, 169 (3d Cir. 2010) (Rooker-Feldman doctrine prohibits
district courts from reviewing proceedings "already conducted by
the 'lower' tribunal to determine whether it reached its result
in accordance with law.") (quotations and citation omitted). The
doctrine applies "where a party in effect seeks to take an
appeal of an unfavorable state-court decision to a lower federal
court." Lance, 546 U.S. at 466 (citation omitted). Four
requirements must be met: (1) the federal plaintiff must have
lost in state court; (2) the plaintiff complains of injuries
caused by state-court judgments; (3) the state court judgments
were rendered before the federal suit was filed; and (4) the
plaintiff is inviting the district court to review and reject

the state judgments. Great W. Mining, 615 F.3d at 166 (quotation omitted).

13.   Assuming that state court proceedings have concluded, the Rooker-Feldman doctrine applies to bar Plaintiffs' claims. This Court cannot review, negate, void, or provide relief that would invalidate decisions in the state court matter. Thus, to the extent Plaintiffs directly challenge the state court's findings necessitating Kevin Dougherty's removal from his home and ask this Court to overturn that judgment, their claims are barred. See Johnson v. City of New York, 347 Fed. App'x 850, 852 (3d Cir. 2009) (affirming district court's dismissal of plaintiff's claims that child services improperly removed his children for abuse and neglect, because Rooker-Feldman doctrine barred review); White v. Supreme Court of N.J., 319 Fed. App'x 171, 173 (3d Cir. 2009) (affirming district court's refusal to hear child custody case under Rooker-Feldman); New Jersey Div. of Youth and Family Servs. v. Prown, No. 13-7776, 2014 WL 284457, at *2 (D.N.J. Jan. 24, 2014) (holding that Rooker-Feldman barred review of state proceedings concerning child custody).[4]

---

[4] Even if Kevin Dougherty and Ms. Adams-Dougherty's divorce proceedings are ongoing, this Court still may not review the state court's judgments removing Kevin Dougherty from their home and restricting his visitation rights because it has no jurisdiction to do so. The "domestic relations exception" divests federal courts of power to issue divorce, alimony, and

14.  Second, to the extent that Plaintiffs seek a
preliminary injunction to force Ms. Bradshaw to release files,
Plaintiffs have not shown that they are entitled to such
extraordinary relief. "The decision to grant or deny ...
injunctive relief is an act of equitable discretion by the
district court." eBay, Inc. v. MercExchange, LLC, 547 U.S. 388,
391 (2006).  Injunctive relief, however, remains "'an
extraordinary remedy never awarded as of right.'" Groupe SEB
USA, Inc. v. Euro-Pro Operating LLC, 774 F.3d 192, 197 (3d Cir.
2014) (quoting Winter v. Natural Res. Def. Council, Inc., 555
U.S. 7, 24 (2008)). A party seeking a temporary or preliminary
injunction must demonstrate: (1) a reasonable likelihood of
success on the merits; (2) the prospect of irreparable harm in
the absence of an injunction; (3) that this harm would exceed
harm to the opposing party; and (4) that the public interest
favors the issuance of injunctive relief.  See, e.g., Rogers v.
Corbett, 468 F.3d 188, 192 (3d Cir. 2006) (citations omitted).

15.  Although all four factors guide a court's inquiry, a
court will not grant injunctive relief, "regardless of what the
equities seem to require," unless the movant successfully
demonstrates the first and second factors.  Hoxworth v. Blinder,

---

child custody decrees. See Ankenbrandt v. Richards, 504 U.S.
689, 693 (1992). Instead, to challenge these orders, Kevin
Dougherty's proper recourse is to follow the normal appellate
procedures in the New Jersey state court system.

Robinson & Co., 903 F.2d 186, 197 (3d Cir.1990) ("[W]e cannot
sustain a preliminary injunction ordered by the district court
where either or both of these prerequisites are absent."); see
also Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir.
2000).  Therefore, the "moving party's failure to show a
likelihood of success on the merits" or irreparable harm "'must
necessarily result in the denial of a preliminary injunction.'"
Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff, 669
F.3d 359, 366 (3d Cir. 2012) (quoting In re Arthur Treacher's
Franchise Litig., 689 F.2d 1137, 1143 (3d Cir. 1982)) (emphasis
added); see also Morton v. Beyer, 822 F.2d 364, 371 (3d. Cir.
1987) ("[A] failure to show a likelihood of success or a failure
to demonstrate irreparable injury must necessarily result in the
denial of a preliminary injunction."). Plaintiffs have failed to
present even a token discussion of the legal theory under which
they seek this relief and their ultimate likelihood of success
on the merits of that claim, and the Court can discern no legal
theory that would entitle Plaintiffs to access these files.
Further, as discussed above, there is not authority for this
federal court to interfere with state court processes, including
control of litigation documents. Further, as discussed above,
there is no authority for this federal court to interfere with
state court processes, including control of litigation
documents. Accordingly, the Court will dismiss both of

13

Plaintiffs' claims for injunctive relief against the Voorhees Defendants.

16. Plaintiffs' § 1983 and RICO claims against Officer Del Palazzo and Ms. Bradshaw must be also dismissed because Plaintiffs have failed to state a claim upon which relief may be granted, as next discussed, as next discussed.

17. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To state a claim for relief under section 1983, a plaintiff must allege: 1) the violation of a right secured by the Constitution or laws of the United States and 2) that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); see also Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011). State actors may be liable only for their own unconstitutional conduct. Bistrian v. Levi, 696 F.3d 352, 366 (3d Cir. 2012); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

18. Plaintiffs allege in the Complaint that Defendants violated Kevin Dougherty's rights under the First, Fourth, and

14

Fourteenth Amendments, but fail to describe which specific rights Defendants allegedly violated, and what specific conduct allegedly violated those rights. To merely allege "violation of 'constitutional protections' to include 1st,.4th [sic] and 14th amendment protections" (Compl. at I) without more detail is insufficient to state a claim under the pleading scheme established by Fed. R. Civ. P. 8(a) and Iqbal. To the extent that Plaintiffs more specifically aver that Officer Del Palazzo "restrict[ed] Kevin T. Dougherty's liberty without due process of law" and that Ms. Bradshaw's refusal to release "discovery" "violates due process of law," these conclusory allegations are still insufficient to survive a motion to dismiss. Iqbal, 556 U.S. 678.

19. Moreover, even if these allegations concerning Officer Del Palazzo and Ms. Bradshaw were sufficiently detailed and the Court were obliged to accept them as true, these assertions still do not set forth violations of any constitutional rights. Kevin Dougherty is not entitled to more "due process" at his TRO hearing as a matter of law from Officer Del Palazzo, when it appears that Kevin Dougherty was given notice of the hearing and an opportunity to be heard. He has received the process that is constitutionally due. Similarly, Kevin Dougherty has not set forth any basis for his assertion that he has a legally cognizable interest in the records Ms. Bradshaw has allegedly

withheld, and the Court can glean none from Plaintiffs'
Complaint. Accordingly, Plaintiffs' § 1983 claims fail as a
matter of law and will be dismissed.

20.  To plead a violation of RICO, 18 U.S.C. § 1961 et
seq., a plaintiff must allege "(1) conduct (2) of an enterprise
(3) through a pattern (4) of racketeering activity." Sedima,
S.P.R.L. v. Imrex Co., Inc., 472 U.S. 479, 496 (1985). To set
forth a pattern of racketeering activity, a plaintiff must show
that each defendant has committed at least two acts of
racketeering activity, as defined by § 1961(1) of the statute,
within ten years of each other. 18 U.S.C. §§ 1961(1) & (5); H.J.
Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 240
(1989). These acts must bear "the indicia of 'relatedness' and
'continuity.'" Genty v. Resolution Trust Corp., 937 F.2d 899,
907 (3d Cir. 1991).

21.  The Court cannot discern from the Complaint what
predicate acts of racketeering activity Officer Del Palazzo and
Ms. Bradshaw allegedly committed; at most, the Court gleans a
single allegation of witness tampering. Although 18 U.S.C. §
1512(b)(1), the federal witness tampering statute, appears on
the list of predicate offenses in § 1961(1), it is inapplicable
here. Section 1512(b)(1) punishes threats or intimidation with
the intent to influence the testimony of any person "in an
official proceeding," but "official proceedings" within the

16

meaning of the statute do not apply to state court proceedings. 18 U.S.C. § 1515(a); see also Evans v. Gloucester Twp., Case No. 14-7160, 2016 WL 3556604, at *15 (D.N.J. June 29, 2016) ("Therefore, the conduct of which Plaintiff complains – witness intimidation and retaliation for participating in New Jersey state proceedings – is not conduct which is punishable under § 1512(b)(1) and cannot serve as a predicate act for Plaintiff's instant RICO claim."). Accordingly, Plaintiffs' RICO claims fail as a matter of law and will be dismissed.

22.  Finally, Plaintiffs' § 1983 claim against Voorhees Township must also be dismissed. It is well-established that municipal liability under § 1983 "may not be proven under the respondeat superior doctrine, but must be founded upon evidence that the government unit itself supported a violation of constitutional rights." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990) (citing Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978)). As a consequence, a municipality is liable under § 1983 for an unconstitutional policy or custom only when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell, 436 U .S. at 694; Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986) (plurality opinion) ("[M]unicipal liability under § 1983 attaches where-and only

where-a deliberate choice to follow a course of action is made
from among various alternatives by the official or officials
responsible for establishing final policy with respect to the
subject matter in question."). Whether a policy or a custom,
"The plaintiff must also demonstrate that, through its
deliberate conduct, the municipality was the 'moving force'
behind the injury alleged." Bd. of Cnty. Comm'rs of Bryan Cnty.,
Okl. v. Brown, 520 U.S. 397, 404 (1997). Here, Plaintiffs do not
set forth any allegations that Voorhees Township had a policy or
custom which violated Plaintiffs' rights; at most, it appears
that Plaintiffs wish to hold the Township liable for its
employees' allegedly unconstitutional conduct.[5] This is
insufficient as a matter of law to state a civil rights claim
under Monell. Accordingly, all claims against Voorhees Township
will be dismissed.

   23.   In the absence of any federal cause of action against
the Voorhees Defendants, the Court will decline to exercise
supplemental jurisdiction over Plaintiffs' remaining defamation,
intentional infliction of emotional distress, and malicious
prosecution claims and will dismiss these claims for a lack of
subject matter jurisdiction. The Third Circuit has recognized

---

[5] Moreover, as Plaintiff has not suffered a deprivation of
constitutional rights by any of the named employees of the
Township, there can be no municipal liability arising from any
Township policy or practice.

that where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so. Hedges v. Musco, 204 F.3d 109, 123 (3d Cir.2000) (quoting Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir.1995)) (emphasis in original). See 28 U.S.C. § 1367(c). There is no reason to exercise supplemental jurisdiction over these remaining state law claims against these private parties.

24.  For these reasons, the Court will grant the Voorhees' Defendants' motion to dismiss in its entirety and will dismiss all claims against these Defendants.

**2) Motion to Dismiss by Defendants Tracey Adams-Dougherty, Jack Duggan's PHL, Inc., Jack Dugan's Pub, Kenneth Adams, and Dori Adams [Docket Item 55]**

25.  Plaintiffs bring claims against Ms. Adams-Dougherty, Mr. Adams, Mrs. Adams, Jack Duggan's PHL, Inc., and Jack Dugan's Pub (collectively, "the Adams Family Defendants") for violations of § 1983 and RICO; common law claims for defamation and intentional infliction of emotional distress; and for a preliminary injunction seeking "immediate review of the Books and Tax Returns for the [Jack Duggans PHL Inc.]" [sic]. The Adams Family Defendants move to dismiss the Complaint for failure to state a claim. For the reasons that follow, the Court

will grant the Adams Family Defendants' motion and dismiss the claims against them.

26.  Plaintiffs' claims that the Adams Family Defendants violated § 1983 will be dismissed. Again, to state a claim for relief under section 1983, a plaintiff must allege: 1) the violation of a right secured by the Constitution or laws of the United States and 2) that the alleged deprivation was committed or caused by a person acting under color of state law. West, 487 U.S. at 48; see also Malleus, 641 F.3d at 563. Because Plaintiffs do not -- and cannot -- allege that any of the Adams Family Defendants were state actors at the time of their allegedly unconstitutional conduct, these claims fail as a matter of law and will be dismissed.

27.  Similarly, Plaintiffs' claims that the Adams Family Defendants committed a RICO conspiracy will be dismissed. As above, to plead a violation of RICO, 18 U.S.C. § 1961 et seq., a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, 472 U.S. at 496. To set forth a pattern of racketeering activity, a plaintiff must show that each defendant has committed at least two acts of racketeering activity, as defined by § 1961(1) of the statute, within ten years of each other. 18 U.S.C. §§ 1961(1) & (5); Northwestern Bell Telephone, 492 U.S. at 240. These acts must bear "the indicia of 'relatedness' and

'continuity.'" <u>Genty</u>, 937 F.2d at 907. The Court again cannot discern from the Complaint what predicate acts of racketeering activity the Adams Family Defendants allegedly committed. To the extent that Plaintiffs attempt to allege that the Adams Family Defendants manipulated the Voorhees municipal courts in violation of the federal witness tampering or retaliation statutes, these statutes are inapplicable to state court proceedings. Plaintiffs' RICO claims against the Adams Family Defendants will be dismissed for failure to state a claim under Rule 12(b)(6).

28.   The Adams Family Defendants also move to dismiss Jack Duggan's PHL, Inc. and Jack Dugan's Pub as Defendants in this action because Plaintiffs bring no claims against the companies "other than a demand to access to the business records maintained by Jack Duggan's PHL, Inc." (Def. Br. at 10.) Because the Complaint contains no factual allegations of wrongdoing by these companies, and instead seeks extraordinary relief from them to which Plaintiffs have not demonstrated entitlement (<u>see</u> ¶¶ 14-15, supra), the Court will dismiss all claims against Jack Duggan's PHL, Inc. and Jack Dugan's Pub.

29.   In the absence of any federal cause of action against the Adams Family Defendants, the Court will decline to exercise supplemental jurisdiction over Plaintiffs' remaining defamation and intentional infliction of emotional distress claims and will

dismiss these claims for a lack of subject matter jurisdiction, see 28 U.S.C. § 1367(c).

30.   For these reasons, the Court will grant the Adams Family Defendants' motion to dismiss in its entirety and will dismiss all claims against these Defendants.

**3) Motion to Dismiss by Defendant Judge Mary Beth Kramer [Docket Item 66]**

31.   Plaintiffs appear to claim that Judge Mary Beth Kramer violated Kevin Dougherty's constitutional rights and caused emotional distress when she restricted his visitation rights with his children "without probable cause." Judge Kramer moves to dismiss the Complaint for Keith Dougherty's lack of standing, the Younger Abstention doctrine, the Rooker-Feldman doctrine, sovereign immunity, judicial immunity, failure to file notice of a tort claim, and failure to allege facts sufficient to support a claim. For the reasons that follow, the Court will grant Judge Kramer's motion and will dismiss all claims in the Complaint against her.

32.   Like Judge Diamond, Judge Kramer is entitled to absolute judicial immunity from suit over conduct taken in her judicial capacity. Because Plaintiffs' claims against Judge Kramer appear to arise from her conduct as a Judge of the Superior Court in entering a temporary restraining order against Kevin Dougherty restricting his visitation rights with his

children, Judge Kramer is entitled to immunity for this conduct. Accordingly, all of Plaintiffs' claims against Judge Kramer will be dismissed.

33.   The Court will also dismiss Plaintiffs' request for injunctive relief to the extent that they seek to vacate the restraining order entered against Kevin Dougherty by Judge Kramer restricting his visitation rights. As described above, this relief is barred by operation of either the Rooker-Feldman doctrine or the "domestic relations exception."

34.   For these reasons, the Court will grant Defendant Judge Kramer's motion and will dismiss all claims against her.

35.   The dismissal of the Complaint, in its entirety and as to all Defendants in this case, will operate with prejudice as to all federal claims. A Court may dismiss an action with prejudice and deny Plaintiffs leave to amend where it is apparent that "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." U.S. ex rel. Schumann v. Astrazeneca Pharma. L.P., 769 F.3d 837, 849 (3d Cir. 2014). Amending a deficient complaint is futile where "the legal inadequacy cannot be solved by providing a better actual account of the alleged claim." U.S. ex rel. Atkinson v. PA. Shipbuilding Co., 472 F.3d 506, 517 (3d Cir. 2007). Here, because Plaintiffs' federal claims are legally

insufficient, Plaintiffs will not be permitted a chance to amend their Complaint. As for the claims arising under state law that have been dismissed for lack of subject matter jurisdiction, the Court has not made a determination of the merits, if any, of such claims.

**B. Plaintiffs' Motion for Default Judgment**

36.   Also pending before this Court is Plaintiffs' motion for entry of default judgment pursuant to Fed. R. Civ. P. 55(b) against the "Adams defendants." [Docket Item 50.] Rule 55 provides that the clerk of court must enter default against a party against whom affirmative relief is sought, where that party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Once default has been entered, a plaintiff may seek default judgment under Rule 55(b), but the process by which that happens depends on the circumstances. If the plaintiff's claim is "for a sum certain," he may make a motion directed to the clerk of court and provide an affidavit establishing the amount of the claim, and the clerk "must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing." Fed. R. Civ. P. 55(b)(1). In all other cases, where the exact amount of monetary damages is unclear, the plaintiff must apply to the Court for default judgment. Fed. R. Civ. P. 55(b)(2). Default judgments are generally disfavored by the Third Circuit

Court of Appeals, and courts prefer to adjudicate a case on its merits. Budget Blinds, Inc. v. White, 536 F.3d 244, 258 (3d Cir. 2008).

37. Plaintiffs' motion for default judgment is even harder to comprehend than their Complaint, and Plaintiffs have not set forth their entitlement to relief under Fed. R. Civ. P. 55(a) or (b). So far as the Court can discern, it appears that Plaintiffs contest the failure of the respective Clerks of Court for the United States District Court for the Eastern District of Pennsylvania and for the United States District Court for the District of New Jersey to enter default and default judgment against these Defendants. For reasons that evade this Court's understanding, Plaintiffs contend that the Clerk of Court's inaction constitutes "constitutional treason." Plaintiffs also appear to challenge in their motion this District's "ECF Policy," referring to electronic case filing.

38. Plaintiffs are not entitled to entry of default against the Adams Family Defendants because it is not clear that they have failed to plead or otherwise defend this action in a timely fashion. Plaintiffs originally moved for default under Rule 55(a) against the Adams Family Defendants on November 2, 2015 [Docket Item 8] while this case was pending before Judge Robreno of the United States District Court for the Eastern District of Pennsylvania, which the Adams Family Defendants

opposed. [Docket Item 32.] Judge Robreno denied Plaintiff's
motion for default on November 25, 2015. [Docket Item 40.] In
that Order, Judge Robreno ordered the Adams Family Defendants to
move or otherwise respond to the Complaint by December 3, 2015,
and at the same time transferred the case to the United States
District Court for the District of New Jersey. After Judge
Robreno's Order, but before transfer to this District was
completed, the Adams Family Defendants timely filed their first
motion to dismiss on November 28, 2015. [Docket Item 41.] These
defendants were not in default.

39.  The Court cannot say that the Adams Family Defendants
have failed to plead or otherwise defend this action where they
have twice filed motions to dismiss the Complaint: first within
the time allotted by Judge Robreno's November 25 Order, and
second, shortly after the Adams Family Defendants acquired new
defense counsel eligible to practice law in the state of New
Jersey. [See Docket Items 41 & 55.] Additionally, Plaintiffs
would not have been entitled to have the Clerk of Court enter
default judgment on their claims against the Adams Family
Defendants because the claims in their Complaint are not for a
sum certain. Pursuant to Rule 55(b)(2), only a court can
determine and calculate Plaintiffs' monetary damages on their
claims for violations of § 1983 and RICO, common law claims for
defamation and intentional infliction of emotional distress, and

preliminary injunction seeking "immediate review of the Books
and Tax Returns for the [Jack Duggans PHL Inc.]" [sic].

    40.  Accordingly, the Court will deny Plaintiffs' motion
for default judgment.

## C. Plaintiffs' Motions to Strike

    41.  Finally, also pending before this Court are three
motions to strike [Docket Items 56, 58 & 68] the motions to
dismiss filed by the Adams Family Defendants, the Voorhees
Defendants, and Judge Kramer. By their motions, Plaintiffs also
seek Rule 11 sanctions against unnamed parties and attorneys.[6]
The Court will deny Plaintiffs' motions insofar as they seek to
strike Defendants' "redundant" and "immaterial" motions to
dismiss as moot as these motions are meritorious and have
already been granted. Plaintiffs' motions to strike will be
denied.[7]

---

[6] Plaintiffs also apparently seek to "'appeal to the DC Circuit'
for a determination related to Rules of Civil Procedure 'ignored
in the 3rd Cir.'" [see Docket Item 66 at 1], but because
Plaintiffs' request is incomprehensible, goes unaddressed in the
body of their combined motion and brief, and is not relief that
this Court (or any District Court) can grant, the Court will
ignore this request.

[7] The Court will also deny Plaintiffs' motions to the extent that
Plaintiffs seek Rule 11 sanctions, as Plaintiffs have not
complied with Rule 11 itself, which requires that "[a] motion
for sanctions must be made separately from any other motion" and
requires that Plaintiffs "describe the specific conduct that
allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Rule
11 also requires a 21-day "safe harbor" grace period during
which a party seeking sanctions must give his adversary the

An accompanying order will be entered.


__September 21, 2016__                    __s/ Jerome B. Simandle__
Date                                      JEROME B. SIMANDLE
                                          Chief U.S. District Judge

chance to withdraw or correct the challenged document.
Plaintiffs have not pointed to sanctionable conduct by any party
or attorney, Plaintiffs have followed none of these
requirements, and accordingly Plaintiffs' Rule 11 motion is
denied.