IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN DOUGHERTY and KEITH DOUGHERTY,<br><br>        Plaintiffs,<br><br>   v.<br><br>TRACEY ADAMS-DOUGHERTY, et al.,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-8541 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, District Judge:**

    The Complaint in this case was dismissed upon motions of the Defendants in a Memorandum Opinion and Order filed September 21, 2016 (Docket Items 85 & 86). The Court found, in its detailed 28-page opinion, that Plaintiffs' claims against the various defendants were barred by the Rooker-Feldman doctrine or failed to state a claim upon which relief could be granted. (Id. at Docket Item 85.)

    Plaintiff Keith Dougherty thereafter filed a Notice of Appeal on September 26, 2016, docketed at Appeal No. 16-3729, which the Court of Appeals dismissed on October 25, 2016 (Docket Item 89.)

    Five months later, on March 29, 2017, Plaintiffs Kevin T. Dougherty and Keith Dougherty filed a motion to reinstate (Docket Item 90), followed by their motion to supplement the record (Docket Item 91), their motion to supplement with new law

(Docket Item 92), and their motion to supplement with new clarification of law (Docket Item 93).  Plaintiff Keith Dougherty also signed and submitted a document captioned "Oral Argument Demand" on July 5, 2017 (Docket Item 94).

The Court will reopen this docket for the limited purpose of addressing these submissions (Docket Items 90-93). Plaintiffs' motions will be decided without oral argument pursuant to Rule 78, Fed. R. Civ. P., and Plaintiffs' request for oral argument (Docket Item 94) will be denied.[1]

**Motion to Reinstate**
**(Docket Item 90)**

Plaintiffs' post-appeal motion to reinstate is filed pursuant to Rule 60(b)(6), Fed. R. Civ. P., and asserts that the various federal judges of this Court and of the Third Circuit are corrupt and incompetent.  The motion seeks relief from the final judgment of this Court entered on September 21, 2016.  The motion attaches recent exhibits from Plaintiff Kevin T. Dougherty's state court appeal in <u>Kevin T. Dougherty v. Tracey Adams Dougherty</u>, A-001958-16T3 (Exhibit A), and a request to add a Fair Credit Reporting Act violation coupled with argument that

---

[1] Rather than giving reasons why the opportunity for oral argument would be beneficial, the Plaintiffs' Oral Argument Demand (Docket Item 94) presents 12 pages of insults and non-sequiturs directed at lawyers and the undersigned and other members of the judiciary.  Plaintiffs' written submissions (Docket Items 90-93] will suffice and no purpose would be served by oral argument upon Plaintiffs' motion to reinstate this case.

2

Defendant Camden County in the present case was in default and that this Court should not have considered the County Defendants' motion to dismiss. (See Docket Item 90-1, Exhibit A at pp. 21-23.) Also attached to the motion is a copy of a "Notice of Reporting to Credit Agencies" pertaining to Kevin T. Dougherty, apparently pertaining to Child Support Debts assessed by the Camden County Probation Division. (See Docket Item 90-2, Exhibit B.) The motion also attaches a document entitled "Business Disclosure [debt collection and related activities] General Agreement as of" (indecipherable), naming Keith Dougherty as a person agreeing to provide financial advice. (See Docket Item 90-3, Exhibit C.)

The final judgment was entered in this case on September 21, 2016. A motion to grant relief from a final judgment under Rule 60(b)(6) may be granted for "any other reason that justifies relief." Rule 60(b)(6), Fed. R. Civ. P. This provision of the rules may be invoked to seek relief from a final judgment in situations not covered by subparts 60(b)(1)-(5), where the movant demonstrates that setting aside the judgment is necessary due to extraordinary or exceptional circumstances. Gonzalez v. Crosby, 545 U.S. 524, 535-36 (2005). Generally, the movant must demonstrate "extraordinary circumstances" for setting aside a final judgment under clause (6). Ackerman v. United States, 340 U.S. 193, 199, 200, 202

3

(1950). For example, a movant's assertion, as in the present case, that the trial court has committed legal error does not warrant relief from a judgment, since the correction of legal errors is a function of the court of appeals and not for repetitive litigation of the same issues in the district court. Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 173 (3d Cir. 2004); see also Arrieta v. Battaglia, 461 F.3d 861 (7th Cir. 2006) (relief based on mistake of law and relief under Rule 60(b)(6) are mutually exclusive).

The Third Circuit has further indicated that "a showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an extreme and unexpected hardship will result.'" Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008), quoting Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977) (internal quotes omitted).

In the present case, Plaintiffs in fact filed an appeal to the Third Circuit to assert legal error and obtain appellate review, and they failed to prosecute the appeal resulting in its dismissal. Seeking reconsideration of the final judgment of a matter already litigated in this court is not a substitute for appeal.

Moreover, Plaintiffs continue to reassert the same non-meritorious arguments as have previously been addressed by this court in the opinion and final judgment of September 21, 2016.

It is not easy to decipher Plaintiffs' blend of arguments, insults, and diatribe. Plaintiffs essentially continue to argue that this federal court should review conduct of judges and litigants in Kevin Dougherty's state court action as well as state-authorized assessments of child support. A person aggrieved by a state court judgment has the remedy of an appeal within the state court system, and not to the federal court, which does not sit in supervision of the state courts. For reasons explained at length in this court's Opinion of September 21, 2016 granting Defendants' dismissal motions, Plaintiffs are wrong on the law. There is no reason to repeat this Court's analysis here, and Plaintiffs point to nothing pertinent that this Court has overlooked.

**Motions to Supplement the Record**
**(Docket Items 91, 92 & 93)**

Nor do Plaintiffs' supplemental submissions (Docket Items 90, 91, 92, and 93) provide meaningful support for setting aside the final judgment under Rule 60(b)(6). A few verbatim excerpts suffice to show what Plaintiffs submit in place of responsible legal argument. "The 3rd Cir 'is the most corrupt and incompetent assemblence of 'lawyers and judges in the nation' [where they have created a State within a State] in Violation of Article IV of the Constitution," (Docket Item 90, 3/29/17 at pp. 2-3) [misspellings and brackets in original]; "[how do you do it

5

'as incompetent jackasses' saying 'interference with Keith Dougherty's right to [engage] commerce across state lines' is not protected 'but Gangs crossing [state] Borders to steal drug proceed are." (Docket Item 91) [misspellings and brackets in original].

Keith Dougherty's tone became more menacing and threatening in his submission of May 8, 2017, stating among other threats:

> If you do not know Keith Dougherty is the "debt collection assignee" You will die for your "communist stupidity" ... like Braveheart Longshanks "just as good" ... you'll still be dead...

(Docket Item 92 at p.12). Such threats are intolerable and have no place in civil society. Plaintiffs are hereby <u>warned</u> that mailing or delivering a threat of harm to a United States judge, a federal law enforcement officer, or other federal officer or employee engaged in official duties is a federal crime.

Furthermore, on May 24, 2017, Plaintiff Keith Dougherty alleged:

> It is a waste of Keith Dougherty's time to "explain it to you" but I will explain it to a Jury (whether a 7th Amendment Jury or a 6th Amendment Jury is to be determined).

(Docket Item 93 at p.3.) Keith Dougherty attached a copy of a recent Supreme Court decision, <u>Water Splash, Inc. v. Menon</u>, 581 U.S. \_\_\_\_ 2017 WL 2216933 (May 22, 2017) (interpreting Article 10(a) of the Hague Service Convention and remanding to Court of

Appeals to consider whether Texas law authorizes the methods of service used by Water Splash to effectuate service in Canada), a precedent having no bearing upon the issues in this case.

Finally, in Docket Item 94, filed July 5, 2017, Plaintiff Keith Dougherty takes issue with decisions of the Third Circuit in unrelated matters deciding constitutional issues, and he seeks again to relitigate the determination in this case, while it was pending in the Eastern District of Pennsylvania before transfer, to enlarge the time for the Voorhees Defendants to respond or otherwise plead. This Court thoroughly addressed the issue involving enlargement of time in its Memorandum Opinion filed September 21, 2016. It will not be addressed again.

## **Conclusion**

This Court finds that Plaintiffs have failed to raise grounds supporting good cause to set aside this Court's final judgment of September 21, 2016 under Rule 60(b)(6). The accompanying Order will be entered denying Plaintiffs' motions.


**November 8, 2017**           **s/ Jerome B. Simandle**
Date                            JEROME B. SIMANDLE
                                U.S. District Judge